# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:09-00194

CARL EVAN TOOLEY II

## MEMORANDUM OPINION AND ORDER

Defendant, Carl Tooley, is charged in a two count indictment. Count One charges Defendant with knowingly making a false statement and representations to the U.S. Department of Justice on ATF Form 4473, in violation of 18 U.S.C. § 924(a)(1)(A). Count Two charges Defendant with possessing a firearm after having been convicted of a misdemeanor crime of domestic violence in violation of 18 U.S.C. §§ 922(g)(9) and 924(a)(2).

On June 14, 2010, this Court entered a Memorandum Opinion and Order (Doc. 48) denying Defendant's constitutional challenges to § 922(g)(9) and, in accordance, his motion to dismiss. In evaluating the constitutionality of § 922(g)(9), the Court employed an intermediate standard of scrutiny, borrowed from the free-speech context.

> This standard requires an exceedingly persuasive government interest and "a fit between the legislature's ends and the means chosen to accomplish those ends, . . . a fit that is not necessarily perfect, but reasonable; that represents not necessarily the single best disposition but one whose scope is in proportion to the interest served."

*United States v. Tooley*, No. 3:09-194, slip op. at 22 (S.D. W.Va. June 14, 2010) (quoting *United States v. Skoien,* 587 F.3d 803, 831 (7th Cir. 2009)) ;*Bd. of Trs. of State Univ. of N.Y. v. Fox*, 492 U.S. 469, 480 (1989).

After the Court's June 14th Order, the U.S. Supreme Court made clear that the Second Amendment right to keep and bear arms is "fundamental." *McDonald v. City of Chicago*, --- S.Ct. ----, 2010 WL 2555188 (June 28, 2010). Defendant now argues, based upon this recognition by the Supreme Court, that this Court's level of scrutiny was too lax.

Nothing in *McDonald*, nor in the Defendant's most recent brief changes this Court's prior analysis. The *McDonald* Court, as the Court in *District of Columbia v. Heller*, failed to articulate a standard of review. This was a subject of criticism in dissenting opinions from both cases. *McDonald* at *85 (Stevens, J. dissenting) ("today's decision invites an avalanche of litigation that could mire the federal courts in fine-grained determinations about which state and local regulations comport with the Heller right-the precise contours of which are far from pellucid-under a standard of review we have not even established"); *District of Columbia v. Heller*, 128 S.Ct. 2783, 2851-52 (Breyer, J. dissenting). While it is now clear that the Second Amendment protects a fundamental right, nothing in the Supreme Court's decision in *McDonald* forecloses the use of intermediate scrutiny as applied by this Court. The Court declines to reconsider its prior opinion under a different level of scrutiny.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel and the defendant, the U.S. Attorney's Office, the U.S. Probation Office, and the U.S. Marshals' Service.

ENTER: July 16, 2010

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE